UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Crim. No.: 6:08-cr-00111-GFVT-EBA |
| Plaintiff, ) | |
| ) | |
| V. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| ROY LACY COBB, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

*** *** *** ***

This matter is before the Court upon Defendant Roy Lacy Cobb's Motion for Compassionate Release. [R. 226.] Mr. Cobb argues extraordinary and compelling reasons—specifically, his underlying health conditions coupled with the possibility of contracting Covid-19—warrant a reduction in his sentence. *Id.* The United States disagrees, and primarily argues that the § 3553 factors do not warrant release. For the following reasons, Mr. Cobb's Motion [R. 226] is DENIED.

**I**

Mr. Cobb was convicted by a jury of charges related to distribution of oxycodone. [R. 82.] He was sentenced on August 26, 2009 to a total of 300 months. This was later reduced to 240 months pursuant to 18 U.S.C. § 3582(c)(2) and a reduction of the applicable guideline sentencing range. [R. 151.] Mr. Cobb appealed his conviction and sentence, but the Sixth Circuit affirmed. [R. 103.] He then filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was ultimately denied. [R. 106; R. 197.] Mr. Cobb has sought further reduction of his sentence on three other occasions, and in each instance was denied relief. [R. 212; R. 215; R. 217.] To

date, Mr. Cobb has served approximately 139 months of his 240-month sentence. [R. 226 at 2.]

Mr. Cobb once again seeks a reduction in his sentence, this time under the compassionate release provisions of 18 U.S.C. § 3582. *Id.* Over thirty days have elapsed since Mr. Cobb submitted a request to the Warden of his facility on March 26, 2020, and therefore the Court may consider his motion[1]. 18 U.S.C. § 3582(c)(1)(A). Mr. Cobb states that is particularly vulnerable to Covid-19 because he is over sixty-years of age and suffers from Type II diabetes. *Id.* Additionally, Mr. Cobb reports he has hypothyroidism, internal hemorrhoids, and chronic gastritis. *Id.* at 3. Mr. Cobb argues that these medical issues, on their own, justify compassionate release. *Id.* at 7. He argues in the alternative that, "[e]ven if this Court finds that Mr. Cobb's medical conditions alone are not severe enough to warrant a reduction in sentence, his medical conditions in the current COVID-19 pandemic do warrant a sentence reduction." *Id.* Mr. Cobb argues that his health issues, coupled with the risk of Covid-19 infection, amount to "extraordinary and compelling reasons" under U.S.S.G. § 1B1.13 such that compassionate release is warranted. *Id.*

The government disagrees. Counsel for the United States argues that the relevant § 3553(a) factors, which the Court is to consider in motions for compassionate release, do not warrant release in this case. [R. 229.] The United States points to Mr. Cobb's specific criminal history as evidence that he remains a danger to the community. *Id.*

---

[1] Counsel for the United States argues that the Court lacks jurisdiction to consider Mr. Cobb's motion because "[i]t is not clear from the Record that Cobb appealed the denial of his request for compassionate release." [R. 229 at 3.] Mr. Cobb contends the plain language of the § 3582(c)(1)(A) requires only the passage of thirty days. [R. 230.] The Court agrees with the United States that it makes little sense not to require administrative exhaustion where the Warden has actually responded to and denied an inmate's request for compassionate release. Nevertheless, the Court interprets the Sixth Circuit's recent decision in *United States v. Alam* as permitting an inmate to move on his own behalf thirty days after submission of his request to the Warden, even if administrative appeals remain available to him. 960 F.3d 831, 836 (6th Cir. 2020) (Explaining that if an inmate's request for compassionate release is denied, "prisoners can pursue administrative review. If that also comes up short (or if 30 days pass), prisoners have the option to go to federal court.").

## II

Section 3582 allows for modification of a term of imprisonment for "extraordinary or compelling reasons" or where "the defendant is at least 70 years of age, has served at least 30 years in prison . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community[.]" 18 U.S.C. § 3582(c)(1)(A)(i)–(ii).  Any such reduction in sentence must also be "consistent with applicable policy statements issued by the Sentencing Commission[.]" *Id.*  Mr. Cobb is neither 80 years old, nor has he has served 30 years in prison.  Therefore, the Court may only reduce Mr. Cobb's sentence if "after considering the factors set forth in section 3553(a) . . . extraordinary or compelling circumstances" warrant the reduction, and the reduction is consistent with the Sentencing Commission's policy statements regarding compassionate release.  18 U.S.C. § 3582(c)(1)(A)(i).

In Application Note 1 to § 1B1.13 of the Sentencing Guidelines, the Sentencing Commission sets forth what policy considerations, referenced above, factor into reducing a defendant's sentence via compassionate release.  The Court is to consider the following:

> (A) <u>Medical Condition of the Defendant</u>. —
> (i) The defendant is suffering from a terminal illness[.]  A prognosis of life expectancy . . . is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is —
> > (I)     suffering from a serious physical or medical condition,
> > (II)    suffering from a serious functional or cognitive impairment, or
> > (III)   experiencing deteriorating physical or mental health because of the aging process
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) <u>The Age of the Defendant</u>. — The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75% of his or her term of

>imprisonment, whichever is less.
>. . .
>(D) <u>Other Reasons.</u> — As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). 2

U.S. Sentencing Guidelines Manual § 1B1.13, cmt. n.1.

Mr. Cobb argues that "Courts have the authority to find that serious medical conditions in the COVID-19 pandemic constitute extraordinary and compelling reasons due to the 'catch-all' provision" articulated in part (D) of comment 1 to U.S.S.G. § 1B1.13. [R. 226 at 7.] Mr. Cobb further argues that, in his case, the § 3553(a) factors warrant compassionate release. *Id.* Section 3553(a) requires the Court to consider, at sentencing and upon a consideration of a reduction in sentence, (1) the nature and seriousness of the offense; (2) the history and characteristics of the defendant; (3) the kinds of sentences available; (4) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide adequate deterrence, to provide just punishment for the offense, and to provide the defendant with needed medical care; and (5) any pertinent policy statements from the Sentencing Commission. *See* 18 U.S.C. § 3553(a).

The Court has considered the arguments of the parties, Mr. Cobb's medical records, his Presentence Investigation Report, §1B1.13 and the applicable policy statement, and the relevant § 3553(a) factors, and finds that Mr. Cobb is not entitled to compassionate release. First, his medical conditions, alone, do not amount to a terminal illness as contemplated in Application Note 1, subpart (A) to §1B1.13. Nor is there evidence Mr. Cobb's age, diabetes, or gastrointestinal troubles "substantially diminish[] the ability of the defendant to provide self-care

---

2 Subsection (C) of Application Note 1 to § 1B1.13 states that family circumstances of the defendant, *i.e.*, whether a defendant is the only caregiver for minor children or their spouse, may be considered. Mr. Cobb does not request a compassionate release based on family circumstances.

within the environment of a correctional facility from which he . . . is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13, cmt. n.1.  Mr. Cobb's age is likewise insufficient justification; even though he is over 65, he is not "experiencing a serious deterioration in physical or mental health because of the aging process." *Id.*

As to Mr. Cobb's alternative argument, the Court is not convinced that Covid-19 combined with Mr. Cobb's specific ailments amount to "extraordinary and compelling reasons" justifying release.  But even if the Court agreed with this argument, the undersigned would still need to consider the § 3553(a) factors.

In this instance, the § 3553(a) factors do not warrant release.  This is particularly true because the Court cannot confidently say Mr. Cobb is no longer a danger to the community.  *See* 18 U.S.C. § 3553(a)(2)(C).  As the United States argues, Mr. Cobb's offense of conviction is extremely serious.  Not only was Mr. Cobb a prolific oxycodone distributer, he repeatedly manipulated drug addicts to whom he distributed by using oxycodone as leverage for sexual favors.  [*See* R. 202.]  Additionally, Mr. Cobb's history and characteristics do not paint him as an ideal candidate for compassionate release.  He has a history of threatening those who might cooperate against him.  *Id.* at ¶ 55.  Also, Mr. Cobb was on probation for a different offense when he committed the conduct which led to his conviction.  [R. 229 at 5; R. 202 at ¶ 108.]  That fact does not inspire confidence that supervised release conditions could prevent recidivism, as Mr. Cobb argues.  [R. 226 at 15.]   In light of this, defense counsel's claim that he has not received any disciplinary actions in the past six months is cold comfort.  *Id.*  By the same token, evidence is lacking that Mr. Cobb would not pose "a danger to the safety of any other person or two the community[.]"  § 1B1.13(3).  The remaining factors also do not warrant release.  Mr. Cobb engaged in very serious criminal conduct, for which there is a serious need to promote

respect for the law and provide adequate deterrence, and just punishment for the offense.

In the alternative, Mr. Cobb asks the Court to recommend him for home confinement under the CARES Act. As the parties are aware, nothing in either the CARES Act or 18 U.S.C. § 3642 vests the district courts with the authority to place inmates in home confinement. Such placement decisions rest squarely within the discretion of the BOP. *See United States v. McCann*, 2020 WL 1901089, *3 (E.D. Ky. Apr. 17, 2020) (citing *United States v. Read-Forbes*, 2020 WL 1888856, *5 (D. Kan. Apr. 16, 2020)). For this reason, the undersigned's practice is not to make a recommendation of this kind. Accordingly, Mr. Cobb's motion is DENIED.

### III

Covid-19 infection is absolutely a serious threat to federal inmates across the country. But that does not mean that every inmate is automatically entitled to compassionate release. The Court must still consider the Sentencing Commission's policy statements regarding compassionate release and the relevant § 3553(a) factors. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Mr. Cobb's Motion for Compassionate Release **[R. 226]** is **DENIED**. Defendant's Motion for Leave to Seal a Document **[R. 227]** is **GRANTED**.

This the 6th day of July, 2020.

Gregory F. Van Tatenhove
United States District Judge